HOWE v. FINNEGAN.

(Supreme Court, Appellate Division, Fourth Department. April 30, 1901.)

1. HUSBAND AND WIFE—AGENCY—BORROWING MONEY—AUTHORITY OF WIFE.
    Defendant, a laboring man, gave his wages to his wife, and allowed her to collect the rents of his property, and pay the taxes, and to frequently obtain loans on the credit of his wages. The wife had no separate estate, or income, or means of making money, and obtained a loan from plaintiff, which she promised to pay out of defendant's wages. *Held*, that the wife had general authority to borrow money on defendant's credit, and that he was liable for money so borrowed.

2. SAME—KNOWLEDGE OF DEFENDANT—FINDINGS—EVIDENCE.
    Where defendant was accustomed to allow his wife to borrow money on the credit of his wages, and the circumstances in evidence justified the inference that defendant had knowledge that she had borrowed the money in question on defendant's credit, the court was justified in finding that he had such knowledge, though both defendant and wife testified to the contrary.

Appeal from Monroe county court.

Action by William Howe against Peter Finnegan and another. From a judgment of the county court affirming a judgment of the Rochester municipal court in favor of plaintiff, defendant Peter Finnegan appeals. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

C. D. Kiehel, for appellant.
Geo. D. Forsythe, for respondent.

WILLIAMS, J. The judgment appealed from should be affirmed, with costs. The action was originally brought against Peter Finnegan and Mary Finnegan, his wife, and the complaint was for money loaned to them. The action was subsequently discontinued as to the wife, and the complaint amended so as to allege money loaned to the husband, through the wife, as his agent, part payment of the money so loaned, and promise by the husband to pay the balance. The husband owned some real property, and gave a bond

secured by a mortgage on the property to one Aikin. The bond and mortgage were put in evidence, but are not in the record, nor does the record contain any memoranda thereof showing date, amount secured, or payments made thereon. It is undisputed that the plaintiff at one time let the wife have $50, which she paid on the bond and mortgage; and at another time he let her have $20 for payment on the bond and mortgage, $10 of which she used for that purpose, and the other $10 she returned to the plaintiff; so that the husband has had the benefit of $60 of plaintiff's money in payment on his bond and mortgage. The evidence shows quite conclusively that the wife was a general agent for her husband, with full power and authority to do his business, handle his money, and look after the payments on this bond and mortgage. She had no property of any kind, and no way of getting any money except what her husband handed over to her from his earnings. The husband testified that his wife and plaintiff always did the business about the mortgage, and he had nothing to do about it himself; that he owned the real property in his own name, and gave the bond and mortgage; that he gave his wages to his wife; she and he rented the houses and collected the rents; that she kept the money; sometimes she paid taxes and sometimes he did, and when he paid them he got the money of her; that she looked mostly after the improvements put on the property; that she did about as she wished; that he substantially let her do his business, handle his money and his property, and he did not pay much attention to it as long as she did it. The wife testified that her husband gave her his wages to take care of his property, and manage it for him, and keep his house; that he did not ask any questions with reference to what she did about the property; that when she borrowed this money of plaintiff she agreed to pay him back from her husband's wages, and intended to do so; that her husband gave her absolute authority to go on and do as she had a mind to; that she had borrowed money before of plaintiff on the strength of her husband's wages, and paid it back; and to pay for furniture, and she had paid that back also. We see no difficulty in finding from the evidence that the wife had general authority sufficient to authorize her to borrow this money as agent for her husband. She certainly did assume to act as his agent in doing so, and she had made loans from plaintiff before that to pay for furniture and for other purposes, agreeing to pay back from her husband's wages, and had so paid back. The husband, therefore, had permitted her to borrow money on the credit of his wages, and for his benefit, and had made no objection to her doing so. He had permitted her to hold herself out as his agent, having authority to borrow money for his benefit. Then, after the items of money in suit had been borrowed, there is evidence from which the court might find that the husband, having learned of the indebtedness, promised and agreed to pay the same; thus ratifying the acts of his wife as his agent in borrowing the money. It is said, however, as to the last two propositions, that the husband was not informed that his wife had borrowed money from plaintiff upon his credit, or assuming to act as his agent. In the absence of any direct evi-

dence that the husband had been so informed, the circumstances developed by the evidence were such as that the trial court might infer such information had come to the husband, and, this being so, the court was not compelled to believe the evidence of the husband and wife that such information was not given by her to him. He might weigh the circumstances against their evidence, and find in favor of the plaintiff on this issue. The conceded facts in this case do not put these people, husband and wife, in an enviable position, such as to entitle them to any particular credit. The wife had no means of any kind or nature. All the property was in the husband's name. He was a working man. When he received his wages, he brought them to his wife. She handled all the money, and did all the business, and he permitted her to conduct the business just as she saw fit. In the management of the business relating to the bonds and mortgage, she borrowed these items of money to pay, and they were actually paid, on the bond and mortgage, and the husband has had and still has the full benefit thereof. Why should not plaintiff be entitled to recover back his money? It would be rank injustice to deny him relief. It is not necessary to do it on the evidence in this case. The trial court found in his favor, the county court affirmed, and we do the same.

The judgment appealed from should be affirmed, with costs. All concur.